UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TOD MICHAEL SCHLESINGER,
    Plaintiff,

v.

SAN FRANCISCO ASSOCIATION OF REALTORS,
    Defendant.

Case No. 21-cv-03648-RS

**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**

## I. Introduction

On May 14, 2021, Tod Michael Schlesinger, a licensed real estate broker, filed this civil rights action under 42 U.S.C. § 1983 against the San Francisco Association of Realtors ("SFAR"), the SFAR Foundation, and individual board members of SFAR. Schlesinger avers that the Defendants violated his First, Fifth, Eighth, and Fourteenth Amendment rights when they suspended his membership in SFAR. Defendants move to dismiss the lawsuit under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Schlesinger lacks standing and has failed to aver that SFAR's actions constitute state action. The court grants the Rule 12(b)(1) motion to dismiss because Schlesinger lacks standing, as he was never suspended from SFAR, and thus cannot demonstrate an injury. Further, even if Schlesinger had standing, he has failed to aver that SFAR's actions were state action, requiring dismissal under Rule 12(b)(6) as well.

## II. Factual Background[1]

In May 2020, the then-president of SFAR, Marc Dickow, sent a message to the members of SFAR's email list affirming support for the Black Lives Matter movement following the murder of George Floyd. In this email, Dickow stated "[w]e must do everything we can in our neighborhoods, networks, and larger community to be actively anti-racist" and that "[t]he tragic death of George Floyd on May 25 was devastating." Complaint Ex. 1. Following this message, Schlesinger repeatedly contacted Dickow concerning the message. On June 2, 2020, Schlesinger emailed Dickow and left a voicemail, requesting that Dickow remove his message from the SFAR website as he could not speak for the opinions of SFAR at large. Complaint ¶¶ 15–16. Dickow responded to Schlesinger's email the following day, apologizing for any offense, but did not respond to the request to remove the message. Complaint ¶ 17. Schlesinger emailed Dickow again that day, and left him another voicemail, with no response from Dickow. Complaint ¶¶ 18–19. On June 8, 2020, Schlesinger sent another email to Dickow and the 17 other members of the SFAR Board of Directors, requesting that a disclaimer be added to Dickow's message about George Floyd to indicate that the message was his personal opinion, not the opinion of all SFAR membership. Complaint ¶ 20.

On June 9, 2020, SFAR's attorneys sent Schlesinger a letter noting that his voicemails used "inappropriate and racist language," and that his conduct "appear[ed] to violate SFAR's clear bylaws and policies" prohibiting harassment. Complaint Ex. 4. The letter indicated that Schlesinger's "emails and voicemails [had] been referred for consideration of appropriate discipline for harassment." SFAR proceeded with an investigation, which included an interview with Schlesinger. Complaint ¶ 25. On August 27, 2020, SFAR issued its findings related to the

---

[1] In reciting the facts, the court draws from the Complaint. When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court takes the facts as stated in the Complaint as true. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Attacks on subject matter jurisdiction pursuant to Rule 12(b)(1), however, may be facial or factual. As the Defendants advance a factual attack on subject matter jurisdiction, the court considers the declarations provided by Defendants in support of their motion when evaluating the Rule 12(b)(1) motion. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

investigation, and stated it would impose a one-year suspension. Complaint Ex. 7. To the extent that facts outside the pleadings may be considered for the standing analysis, SFAR appears to have never implemented this suspension, because it found that Schlesinger was not a member of SFAR at the time.

In May 2021, Schlesinger filed this lawsuit, averring seven claims all arising under 42 U.S.C. § 1983. He avers that the Defendants deprived him of his First Amendment rights by retaliating against him for his speech and that Defendants conspired to violate his First Amendment rights. Complaint ¶¶ 35–44. Additionally, he avers that the Defendants deprived him of his Fifth and Fourteenth Amendment rights to due process, and that Defendants conspired to violate his Fifth and Fourteenth Amendment rights. Complaint ¶¶ 45–56. Further, he avers that Defendants deprived him of his right to be free from cruel and unusual punishment, and that Defendants conspired to violate his Eighth Amendment rights. Complaint ¶¶ 57–67. Schlesinger requests compensatory and general damages as well as injunctive relief. ¶¶ 31–33, 68–72.

### III. Rule 12(b)(1) Motion to Dismiss

Defendants first move to dismiss the lawsuit under Rule 12(b)(1) for lack of subject matter jurisdiction, arguing that Schlesinger has no standing to pursue his claims. To establish standing, a requirement for subject matter jurisdiction, a plaintiff must demonstrate three things: (1) they "have suffered an injury in fact"; (2) there is "a causal connection between the injury and the conduct complained of"; and (3) it is likely "the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks and citation omitted).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Defendants assert a factual attack on Schlesinger's standing. "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* The party asserting federal subject

matter jurisdiction has the burden of proving the existence of jurisdiction. *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Defendants argue that Schlesinger lacks standing because Schlesinger was not a member of SFAR at the time of any of the events in this case. In a declaration filed with the motion to dismiss, Walter Baczkowski, a named defendant and the CEO of SFAR, states that when staff checked on Schlesinger's membership to implement the suspension, staff discovered that Schlesinger terminated his SFAR membership in 2012. Baczkowski Decl. ¶¶ 7–8. Thus, as Schlesinger was not a member of SFAR, "there was no discipline to impose on him." Baczkowski Decl. ¶ 10. The declaration further explains that Schlesinger's participation in the Multiple Listing Service ("MLS"), which is operated by SFAR, was terminated in December 2020. According to Baczkowski, "[p]articipation in SFAR is separate and distinct from participation in the MLS" and "[o]ne can participate in the MLS without being a member of SFAR." Baczkowski Decl. ¶ 3. Schlesinger's participation in the MLS was terminated due to non-payment of fees. Baczkowski Decl. ¶ 10–17. Baczkowski affirms that "Schlesinger may reinstate his MLS account by paying the required participation fees and any late charges." Baczkowski Decl. ¶ 18.

Schlesinger does not dispute that he has not been a member of SFAR, but argues that his participation in the MLS was subject to the same bylaws, and thus he was suspended from participation in the MLS. To make this claim, he points to references to the MLS in the SFAR Rules and Regulations, which state that the MLS "shall be subject to the Bylaws of [SFAR]." He cannot, however, point to any policy or statement showing that suspension from SFAR also results in suspension from participation in the MLS.

Schlesinger has not established that he was a member of SFAR. Defendants point to cases in which courts have held that non-members of an organization do not have standing to challenge an organization's policies or practices. *See Bermudez v. SEIU, Local 5,* No. 18-cv-04312-VC, 2019 U.S. Dist. LEXIS 65182 at *2 (N.D. Cal. April 16, 2019); *Varadarajan v. United States Cricket Ass'n,* No. 12-CV-01306-LHK 2012 U.S. Dist. LEXIS 52550 (N.D. Cal. April 13, 2012). The conclusion in these cases stem from the analysis of whether the three requirements of

standing—injury-in-fact, causation, and redressability—have been met. Schlesinger has not done so here.

First, Schlesinger has not demonstrated an injury-in-fact. All of Schlesinger's averred injuries stem from his purported suspension from SFAR, of which no evidence has been advanced. SFAR did not suspend Schlesinger's membership, because he was not a member, and there is no evidence it suspended his participation in the MLS. Schlesinger has not demonstrated that he suffered any injury-in-fact. *See Lujan*, 504 U.S. at 560.

Second, to the extent Schlesinger avers that his nonparticipation in the MLS is the result of the suspension, Schlesinger cannot show that SFAR caused his MLS membership to lapse. His removal from MLS participation was the result of his own non-payment of fees, not SFAR's disciplinary proceedings that ultimately resulted in no action. Accordingly, Schlesinger has not shown "a causal connection between the injury and the conduct complained of." *Id*. "The party invoking federal jurisdiction bears the burden" of establishing the three standing elements. *Id.* at 561. Schlesinger has failed to do so here, and thus Defendants' motion to dismiss pursuant to Rule 12(b)(1) is granted.

### IV. Rule 12(b)(6) Motion to Dismiss

Defendants argue in the alternative that Schlesinger has failed to state a claim upon which relief should be granted, and thus that his lawsuit should be dismissed under Rule 12(b)(6). Rule 12(b)(6) governs motions to dismiss for failure to state a claim. A complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th

Cir. 2013) (internal quotation marks and citation omitted). When evaluating such a motion, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) a right afforded by the United States Constitution or the laws of the United States was violated, and (2) that the person who committed the alleged violation was acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "The state-action element in § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010). Defendants argue they were not acting under the color of state law, and thus Schlesinger has not stated a claim under 42 U.S.C. § 1983.

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982), set out a two-part approach for evaluating when the state action requirement is met. "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Id.* Second, the party responsible for the alleged deprivation must "fairly be said to be a state actor." *Id.* When evaluating whether the state action requirement is met, courts "start with the presumption that conduct by private actors is not state action. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011). Schlesinger has not stated a claim that satisfies either of those requirements.

For the first requirement, Schlesinger has not demonstrated that "the deprivation is the result of a government policy." *Id.* Schlesinger attempts to draw a connection between the SFAR bylaws and a state regulation, and cites to a California Department of Real Estate ("DRE") regulation prohibiting discrimination, 10 Cal. Code Reg. 2780. DRE regulates individual real estate brokers, not private organizations like SFAR, and does not require or request organizations like SFAR to enforce DRE regulations on its behalf. Schlesinger has failed to plead a connection between SFAR's actions and a government policy.

Schlesinger also fails the second requirement, concerning whether SFAR "can be fairly considered a state actor." *Florer*, 639 F.3d at 924. "In order for private conduct to constitute

governmental action, 'something more' must be present." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). The Supreme Court has articulated four tests to determine when a private actor can be considered a state actor: "(1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (internal quotation marks and citation omitted). Schlesinger has not pled facts that meet any of these tests.

First, Schlesinger has not pled that SFAR's discipline process served a "public function." "Under the public function test, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." *Lee v. Katz*, 276 F.3d 550, 554–55 (9th Cir. 2002) (internal quotation marks and citation omitted). Schlesinger has not demonstrated that SFAR is endowed by the state with any power or function. Further, Schlesinger's reference to the California Broker Renewal Application, which asks an applicant whether the applicant has ever been ordered by a professional association to refrain from doing an act, does not change this calculus. That DRE may consider a private organization's actions when making renewal decisions does not mean that the state has endowed SFAR with any power. Schlesinger has failed to allege that SFAR, a voluntary membership organization disconnected from the DRE's regulation of broker licenses, constitutes a public function.

Second, Schlesinger has failed to allege joint action. "[J]oint action exists when the state has so far insinuated itself into a position of interdependence with [the private entity] that it must be recognized as a joint participant in the challenged activity." *Tsao*, 698 F.3d at 1140. Schlesinger once again points to the DRE regulation prohibiting discrimination, 10 Cal. Code Reg. 2780, and the question on the Broker Renewal Application. The fact that SFAR separately prohibits harassment amongst its members, and that DRE requests information concerning disciplinary actions from professional associations, does not show any "interdependence" between the private entity and government body. DRE has not delegated authority to SFAR, nor given SFAR any power "normally reserved to the state." *Tsao*, 698 F.3d at 1140.

Third, Schlesinger has not satisfied the government compulsion test. That test asks whether "the state has exercised coercive power or has provided such significant encouragement, either overt or covert, that the [private actor's] choice must in law be deemed to be that of the State." *Johnson v. Knowles*, 113 F.3d 1114, 1119 (9th Cir. 1997) (internal quotation marks and citation omitted). Schlesinger once again cites the Broker Renewal Application, arguing that the state's reliance on professional association information "provides encouragement to . . . real estate professional associations to discipline its members[.]" Opp. to Motion to Dismiss, Dkt. 13 at 23. This argument also fails, as Schlesinger has pled no facts indicating that the State of California compelled SFAR to have a discipline process or to discipline Schlesinger. Knowledge that the State may consider SFAR's process may influence SFAR's disciplinary decisions, but the State via its regulations does not direct, coerce, or encourage SFAR to take any action. As Schlesinger "cannot point to any state regulation or custom having the force of law that compelled, coerced, or encouraged the Defendants," to pursue discipline against him, he fails the state compulsion test. *See Johnson*, 113 F.3d at 1120.

Fourth, Schlesinger fails the government nexus test. "[T]he nexus test asks whether there is [] such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." *Kirtley v. Rainey*, 326 F.3d 1088, 1094–95 (9th Cir. 2003). Schlesinger has not established the close nexus required for this test. In *Kirtley*, the Ninth Circuit held that the government nexus test was not satisfied in the context of a guardian ad litem, even though "there [were] significant links between the position of the guardian and the government[,]" including that "the guardian [was] appointed by a state actor, [was] paid by the state, and [was] subject to regulation by state law." *Id.* at 1095. Schlesinger has not alleged any such links between the State of California and SFAR, and therefore fails this test.

Schlesinger has failed to state a claim that Defendants' actions were state action, and thus

has failed to state a claim under 42 U.S.C. § 1983.[2]

## V. Dismissal With Prejudice

Schlesinger's complaint presents serious defects as to both standing and his ability to state a claim under 42 U.S.C. § 1983. Dismissal with prejudice is appropriate when it is clear that "the complaint could not be saved by any amendment." *Gomper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (internal quotation marks and citation omitted). As amendment here would be futile because Plaintiff cannot cure the defects in standing or concerning the state action requirement, the Complaint is dismissed with prejudice.[3]

## VI. Conclusion

Schlesinger has not established standing, and therefore the motion to dismiss pursuant to Rule 12(b)(1) is granted. Further, even if he established standing, he has not stated a claim that SFAR's actions were state action, warranting dismissal of his lawsuit under Rule 12(b)(6). As Schlesinger cannot cure the deficiencies in his complaint with an amendment, the lawsuit is dismissed with prejudice.[4]

**IT IS SO ORDERED**.

Dated: October 29, 2021

RICHARD SEEBORG
Chief United States District Judge

---

[2] Defendants also argue that Schlesinger's civil conspiracy claims fail to meet the requirements to plead a conspiracy. Schlesinger did not provide a response to this argument in his opposition. The question of whether the conspiracy claims were adequately pled, given the conclusion concerning standing, need not be reached.

[3] At oral argument, when given the opportunity to explain what information could be provided to rectify the standing and state action issues, the plaintiff could not offer any such information.

[4] Defendants' request to be awarded attorneys' fees under 42 U.S.C. § 1988 is denied.